# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GLEN HOLLIS, | 1:10-cv-00950-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41 (Doc. 4.) |
| v. | ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE |
| M. S. DUNNING, et al., | |
| Defendants. | ORDER DIRECTING CLERK TO CLOSE FILE |

Plaintiff Marvin Glen Hollis ("plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action by filing a motion on May 26, 2010, at the Sacramento Division of the United States District Court for the Eastern District of California.  (Doc. 2.)  The case was transferred to the Fresno Division on May 26, 2010.  (Doc. 1.)  On June 14, 2010, the court ordered plaintiff to file a complaint.  (Doc. 4.)  On July 21, 2010, plaintiff consented to Magistrate Judge jurisdiction, and no other parties have made an appearance.  (Doc. 8.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).  On August 18, 2010, plaintiff filed a motion to dismiss this action, without prejudice to re-file a complaint after exhausting administrative remedies.  (Doc. 9.)

1

1    In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

2         Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss
     his action prior to service by the defendant of an answer or a motion for summary
3    judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing
     <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir.
4    1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of
     dismissal prior to the defendant's service of an answer or motion for summary
5    judgment. The dismissal is effective on filing and no court order is required.  <u>Id.</u>
     The plaintiff may dismiss some or all of the defendants, or some or all of his
6    claims, through a Rule 41(a)(1) notice.  <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-
     10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court
7    automatically terminates the action as to the defendants who are the subjects of
     the notice.  <u>Concha</u>, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is
8    ordinarily without prejudice to the plaintiff's right to commence another action for
     the same cause against the same defendants.  <u>Id.</u> (citing <u>McKenzie v. Davenport-</u>
9    <u>Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal
     leaves the parties as though no action had been brought. Id.

10

11   <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer

12   or motion for summary judgment in this action.  Therefore, plaintiff's motion shall be granted.

13        Accordingly, IT IS HEREBY ORDERED that:

14        1.    Plaintiff's motion to dismiss the complaint is GRANTED;

15        2.    This action is DISMISSED in its entirety without prejudice; and

16        3.    The Clerk of the Court is DIRECTED to close the file in this case and adjust the

17              docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

18

19    IT IS SO ORDERED.

20   Dated:   **August 23, 2010**              _____/s/ **Gary S. Austin**_____
                                              UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28

2